UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Customer Effective, Inc., | ) | C/A No.: 6:08-cv-2722-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Paul Colella, Ryan Casey, and, | ) | |
| Zero2Ten, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Zero2Ten's Motion to Dismiss or in the Alternative to Transfer Case filed on September 26, 2008. The plaintiff filed response in opposition on October 24, 2008. The plaintiff filed a reply on October 30, 2008. Also pending before the Court are two other motions to dismiss or in the alternative transfer filed by defendants Paul Colella and Ryan Casey. For the reasons stated herein, the Court transfers this case to the United States District Court for the Northern District of Georgia.

Customer Effective is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Greenville, South Carolina. Customer Effective provides consulting services related to the use and installation of Microsoft Customer Relationship Management Software. When beginning employment with Customer Effective, new employees are required to sign non-compete agreements. Defendants Paul Colella and Ryan Casey, Georgia

residents, were once employees of Customer Effective both allegedly signed non-competes. Colella and Casey formed the Corporation Zero2Ten, Inc. According to the Georgia Secretary of State website, Zero2Ten was formed on June 19, 2008. Zero2Ten is a Georgia Corporation with a principle place of business in Forsyth County, Georgia. The plaintiff alleges *inter alia* that Colella, Casey and Zero2Ten misappropriated trade secrets and breached the non-compete. The defendants removed the case to federal court based on diversity jurisdiction, then all defendants filed motions to dismiss for lack of jurisdiction or in the alternative to transfer.

The plaintiff has the burden of establishing that personal jurisdiction exists over the out-of-state defendant. *Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir.1997). When a defendant challenges subject matter jurisdiction, and the district court decides the issue on the paper, the plaintiff must make a *prima facie* showing of evidence sufficient to establish jurisdiction. *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290 (4th Cir. 2005). In making that determination, this Court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). Federal courts exercise personal jurisdiction in the manner provided by state law, so the plaintiff must show that state law authorizes jurisdiction over the defendant and if jurisdiction is so authorized, then the Court must determine whether an exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *ESAB Group,*

*Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir.1997).

A district court has personal jurisdiction over a defendant if the state courts where the federal court is located would possess such jurisdiction. *Combs v. Bakker*, 886 F.2d 673 (4th Cir.1989). The court must make a finding of either specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction in order to exercise jurisdiction over a case. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir.2002). "General jurisdiction" is the exercise of personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S.Ct. 1868, 1872 n. 9 (1984). "Specific jurisdiction" is the exercise of personal jurisdiction over a defendant in a suit that does arise out of or relate to the defendant's contacts with the forum. *Id.* at 1872 n. 8. General personal jurisdiction requires continuous and systematic contact with the forum state. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997). "Specific jurisdiction requires that the out of state defendant engage in some activity purposely aimed toward the forum state and that the cause of action arise directly from that activity." *ESAB Group, Inc. v. Centricut*, LLC, 34 F.Supp.2d 323, 331-32 (D.S.C.1999). The plaintiffs do not allege that the court has general jurisdiction over the defendant, so the Court will not address general jurisdiction.

In order for this Court to find specific jurisdiction and not offend due process, a defendant must have "certain minimum contacts with [the forum state] such that the

maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotes omitted). The constitutional benchmark in applying this standard is "whether the defendant purposefully established minimum contacts in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotes omitted). Furthermore, a defendant should be able to anticipate being hailed in to court in the forum state, in that the contacts "must be directed at the forum state in more than a random, fortuitous, or attenuated way." *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir.1997); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297(1980). In sum, the defendant must have minimum contacts with the forum.

In alleging specific jurisdiction, the plaintiff must show that the long arm statute applies and since South Carolina's long-arm statute has been interpreted to extend to the constitutional limits of due process, *Triplett v. R.M. Wade & Co.*, 261 S.C. 419, 200 S.E.2d 375, 379 (1973), the plaintiff must establish that the defendant has sufficient minimum contacts with South Carolina. *See Burger King*, 471 U.S. 462. The defendant must have some "substantial connection" with the forum state. What constitutes sufficient minimum contacts is assessed on a case by case basis. The South Carolina Long Arm Statute states:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4)

> causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in part by either party in this State; or (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

South Carolina Code Ann. § 36-2-803. The plaintiff argues that Zero2Ten is the alter ego of defendants Colella and Casey and is also engaging in competitive activities through those defendants. The plaintiff further argues that the agents of Zero2Ten are using the corporate entity as an avenue to misappropriate trade secrets and to violate the defendants non-compete agreement and by doing so have purposefully directed their tortious activities toward a resident of South Carolina. Plaintiff also alleges that Zero2Ten actively solicited customers and clients of a South Carolina Corporation thus directing its activities at South Carolina.

    The plaintiff has not made a *prima facie* showing of jurisdiction. The plaintiff has failed to show that the long arm statute applies therefore an exercise of jurisdiction would offend due process. Zero2Ten is a Georgia Corporation with its principal place of business in Forsyth County, Georgia. Zero2Ten has not conducted any business in the State of South Carolina. There are no offices, agents, or employees in South Carolina. It does not reach out to South Carolina for customers. The corporation does not pay South Carolina taxes. In addition, it has no property in South Carolina. Plaintiff has not made a showing that Zero2Ten purposely availed

itself of the privileges of conducting activities in South Carolina or that Plaintiff's claims arose out of any contact Zero2Ten had in South Carolina. Therefore, this Court need not consider whether the exercise of jurisdiction would be reasonable. This Court may not exercise jurisdiction over the defendant as there is no contact with the forum.

The plaintiff alleges that Zero2Ten has made contractual obligations in South Carolina by the solicitation of its agents. However, employee solicitation occurred before the corporation was formed. The solicitation emails provided to the Court are dated June 13, 2008. Zero2Ten was formed after that date on June 19, 2008. The solicitation may not be imputed to the corporation before it came into existence. The Court does not have jurisdiction over Zero2Ten.

"[T]he court 'has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in (the) district, if a transfer would be in the interest of justice.'" *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77 (2d Cir. 1978). According to 28 U.S.C.A. § 1631,

> whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, . . . .

The Court finds that transfer is appropriate in this case. A transfer of the entire case would enable an efficient use of judicial resources. It would avoid any injustice that may result if the Court dismissed the defendant Zero2Ten. In addition, transfer would advance the economical resolution of the controversy. It enables the parties to litigate in one court the issues arising out of the same events. It is therefore ordered that the

case be transferred to a Court where the action could have been brought. Zero2Ten is incorporated in Georgia with a principle place of business in Forsyth County, Georgia. The action could have been brought in the United States District Court Northern District of Georgia.

Therefore, it is so ORDERED that the case be transferred to the United States District Court Northern District of Georgia.

IT IS SO ORDERED.

                                                  G. ROSS ANDERSON, JR.
                                                  UNITED STATES DISTRICT JUDGE

December  11 , 2008
Anderson, South Carolina